[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff instituted this proceeding by filing a complaint alleging that he was insured under a policy issued by the defendant providing for underinsured motorist coverage. The plaintiff further alleges that under the terms of the policy he was entitled to recover damages for uninsured or underinsured motor vehicle coverage for bodily injury. He alleges that any question as to whether the insured is entitled to coverage under said provisions, and the amount due is to be decided by arbitration. He alleges that on June 1, 1994, while he was driving his vehicle, Cheryl Oakes negligently struck his vehicle causing him various injuries. He duly notified the defendant of the accident, the injuries sustained, and a claim brought pursuant to the uninsured and underinsured provisions of the policy. He continues by asserting that at the time of the accident, Oakes was covered by an insurance policy, that her policy has been exhausted, and that it was inadequate to compensate fully the plaintiff for his injuries. The plaintiff seeks the following relief: an order directing the defendant to name an arbitrator and to proceed with arbitration, monetary damages and other relief that the court may deem appropriate.
On August 26, 1996, the defendant filed a motion to strike the plaintiff's prayer for relief on the ground that he did not follow the statutorily prescribed procedure for seeking an order of arbitration pursuant to Secs. 52-409 and 52-410 of the General CT Page 572 Statutes.
"Whenever any party wishes to contest . . . the legal sufficiency of any prayer for relief in any such complaint . . . that party may do so by filing a motion to strike . . ." Rowe v.Godou, 209 Conn. 273, 280, n. 10 (1988), quoting Sec. 152 of the Practice Book. "The only pretrial method to attack a prayer for relief is a motion to strike." (Citation omitted; internal quotation marks omitted.) Interstate Aviation, Inc. v. City ofMeriden, Superior Court, judicial district of New Haven at Meriden, Docket No. 240874 (April 27, 1994, Stanley, J.). "The motion to strike a prayer for relief should be granted if the prayer for relief does not correspond to allegations of the complaint." Marshall v. Bessemer Trust Co., Superior Court, judicial district of Litchfield, Docket No. 065718 (April 18, 1995, Pickett, J.).
Although the defendant's motion to strike is directed only to the order for arbitration requested in the prayer for relief, in its memorandum in support thereof, the defendant asks that the court strike the entire complaint because the plaintiff has failed to state a claim for which relief can be granted. Certain it is that the court cannot strike the entire complaint on a motion to strike directed only to the prayer for relief.Interstate Aviation, Inc. v. City of Meriden, supra, (holding that there is no provision in the Practice Book that would allow a party to strike an entire complaint based on a claim of improper relief); see also Kavarco v. T.J.E., Inc., 2 Conn. App. 294,298 n. 4 (1984) (stating that a motion to strike a prayer for relief is proper if the "relief sought could not be legally awarded to the plaintiff" due to the failure to allege sufficient facts to support the relief sought).
The defendant argues that the prayer for relief must be stricken because the plaintiff has failed to follow the statutory scheme for seeking an order of arbitration as set forth under Secs. 52-409 and 52-410 of the General Statutes. The plaintiff has responded that because Sec. 52-410 (b) is permissive, he is not required to use the form supplied in Sec. 52-410 (b). Although the plaintiff argues in opposition that it has complied with Sec. 52-410, the complaint fails to indicate that it was seeking an order of arbitration pursuant to the applicable statutes.
"[Sections] 52-409 and 52-410 serve distinct functions. CT Page 573 Section 52-409 provides relief when a party to a contract that contains an arbitration clause desires arbitration of a dispute, and the other party, instead of proceeding with arbitration, institutes a civil action. . . . The party desiring arbitration can then seek a stay of the civil action. In contrast, §52-410 comes into play when no action is pending between the parties, the parties have a contract providing for arbitration, and the parties are unable to agree about the arbitrability of the dispute. In that case, one of the parties may apply to the trial court, in accordance with the distinct statutory procedure provided by § 52-410, for an order directing the parties toproceed with arbitration." (Emphasis in original.) SuccessCenters, Inc. v. Huntington Learning Centers, Inc., 223 Conn. 761,768 (1992).
In the present case the plaintiff seeks, among other things, an order from the court "directing the defendant to name an arbitrator and proceed with arbitration pursuant to the terms of the insurance policy." He also requests monetary damages and equitable relief. In so much as the plaintiff seeks an order from the court directing the defendant to proceed with arbitration, the court finds that he is applying for an order of arbitration pursuant to Sec. 52-410.
To reiterate, Sec. 52-410 provides in relevant part that "(a)[A] party to a written agreement for arbitration claiming the neglect or refusal of another to proceed with an arbitration thereunder may make application to the superior court . . . for an order directing the parties to proceed with the arbitration in compliance with their agreement. The application shall be by writ of summons and complaint, served in the manner provided by law." Section 52-410 (b) provides in pertinent part that "[t]he complaint may be in the following form. . . ."[1] The statute then supplies a form that an insured may use when seeking an order of arbitration. In Middlesex Mutual Assurance Co. v.Clinton, 38 Conn. App. 555, 562-64 (1995), the court held that Sec. 52-410 (b) "is permissive rather than mandatory." See alsoZarchen v. Union Equipment Co., 20 Conn. Sup. 44 (1956) (holding that Sec. 8153, the predecessor of Sec. 52-410 (b), was permissive and not mandatory as indicated by the use of the word "may" as opposed to the word "shall").
The plaintiff contends he need not use the form suggested in Sec. 52-410 (b). Although his argument is persuasive, it is not dispositive of the motion because the argument does not address CT Page 574 the necessary elements that must be alleged pursuant to Sec.52-410 to entitle a plaintiff to relief pursuant to the statute.
"In order to compel arbitration under § 52-410 . . . one . . . need prove to the court only that (1) the policy was in effect at the time of the accident, (2) the policy provides for arbitration, (3) the claimant was in the class of `covered persons,' e.g., as provided in the . . . policy . . . for whom the policy provided uninsured motorists' coverage, and (4) the insurer has refused to pay the claim for uninsured motorist benefits arising out of the claimed accident. The claimant must also state the nature of the claim to be arbitrated, which would ordinarily include allegations that his injuries were caused in a manner that, under the terms of the policy and applicable statutes, entitle him to uninsured motorist benefits, and that there is no other coverage adequate to satisfy his claim." Gaudetv. Safeco Ins. Co., 219 Conn. 391, 400 (1991).
This court is satisfied that the plaintiff has alleged sufficient facts to support the first three required elements listed above. However, he has failed to allege that the defendant has refused to pay for uninsured motorist benefits arising out of the claimed benefits. Consequently, the facts alleged do not provide support for his prayer for relief seeking arbitration under Sec. 52-410 of the General Statutes. The motion to strike is, accordingly, granted.
Moraghan, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 575-PP