[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff, Scott Tarlow, filed an action seeking damages allegedly arising from the purchase of a computer from the defendant, Gateway Companies, Inc. On November 12, 1999, the defendant filed a motion to dismiss the plaintiff's complaint on the ground that "this Court lacks jurisdiction over the subject matter stated in the plaintiff's complaint" and that "[t]he court is required under the Federal Arbitration Act, 9 U.S.C. § 1 et seq., to dismiss this lawsuit because the Plaintiff has contractually agreed to arbitrate the dispute that is the subject matter of the Complaint." By way of a wherefore clause concluding its motion to dismiss, the defendant "requests that the Court dismiss this complaint with prejudice, compel arbitration and grant all other relief this Court deems just and proper."
The defendant argues that the court must dismiss this case so that the plaintiff may pursue his claim in arbitration.[1] In support of CT Page 5241 its motion to dismiss, the plaintiff has filed a memorandum of law and the affidavit of David Blackwell, an employee of the defendant, who attests to the issuance of a Standard Terms and Conditions Agreement to the plaintiff at the time of his purchase. The Agreement, which is incorporated in Blackwell's affidavit, sets forth the arbitration clause.
"The Federal Arbitration Act (FAA or Act) declares written provisions for arbitration valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." (Internal quotation marks omitted.) Doctor'sAssociates, Inc. v. Casarotto, 517 U.S. 681, 683, 116 S.Ct. 1652,134 L.Ed.2d 902 (1996). "[T]he basic purpose of the [FAA] is to overcome courts' refusals to enforce agreements to arbitrate." Allied-BruceTerminix Cos. v. Dobson, 513 U.S. 265, 270, 115 S.Ct. 834,130 L.Ed.2d 753 (1995). Congress "intended courts to enforce arbitration agreements into which parties had entered . . . and to place such agreements upon the same footing as other contracts." (Citation omitted; internal quotation marks omitted.) Id., 271.
According to the United States Supreme Court, the FAA sets forth federal substantive law that preempts state law. See Allied-BruceTerminix Cos. v. Dobson, supra, 513 U.S. 271, 272. As such, the FAA must be applied in state court proceedings when its provisions are implicated. See id., 272. See also Merrill Lynch, Pierce, Fenner Smith, Inc. v. Haydu, 675 F.2d 1169, 1173 (11th Cir. 1982) (noting that "[s]ince the [FAA] is substantive law, it must be considered in a state court action"); Levine v. Advest, Inc., 244 Conn. 732, 747,714 A.2d 649 (1998) (stating that "the [FAA] is to be applied by state courts as well as by federal courts").
Notwithstanding the required application of the FAA to the present case, "the existence of an arbitration clause does not implicate the court's subject matter jurisdiction." Hayes v. American States Ins.Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 325900 (January 11, 1996, Ballen, J.). Accord Henry v.Cardinal Business Media, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 147159 (March 15, 1996,Tobin, J.) (16 Conn.L.Rptr. 327, 328). "The courts have held almost universally that under the common law, the parties to a dispute may not oust the jurisdiction of the courts by an agreement to arbitrate." (Internal quotation marks omitted.) Hayes v. AmericanStates Ins. Co., supra, Superior Court, Docket No. 325900. See alsoHandrinos v. Lathouris, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 160692 (November 13, 1997,Mintz, J.) (noting that an arbitration provision in a contract does CT Page 5242 not divest the court of subject matter jurisdiction). "The rule is a sound one because an arbitration provision in a contract still raises juridical questions, such as the validity of the contract, the type of issues submittable to arbitration, and a waiver of the right to arbitrate." Yellin v. Premier Dev., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 704598 (April 25, 1994, Satter, S.T.R.) (9 C.S.C.R. 502, 503). Thus, "state courts, as well as federal courts, have jurisdiction over federal arbitration."Merrill Lynch, Pierce, Fenner Smith, Inc. v. Haydu, supra, 675 F.2d 1173. Furthermore, "[a] petition under FAA § 4 to compel or stay arbitration must be brought in state court unless some other basis for federal jurisdiction exists, such as diversity of citizenship or assertion of a claim in admiralty." WestmorelandCapital Corp. v. Findlay, 100 F.3d 263, 268 (2d Cir. 1996). AccordPCS 2000 LP v. Romulus Telecomunications, Inc., 148 F.3d 32, 35 (1st
Cir. 1998); Gibraltar, P.R., Inc. v. Otoki Group, Inc., 104 F.3d 616,618-19 (4th Cir. 1997).
Based on the foregoing, the Federal Arbitration Act does not deprive state courts of subject matter jurisdiction, and the defendant's motion to dismiss based on that ground is denied.
As previously noted, the defendant, in its motion to dismiss, requested that the case be dismissed and that the court "compel arbitration." The defendant, however, failed to cite any authority for the proposition that the court can compel arbitration based on a motion to dismiss. Although the defendant cited to the FAA as support for its argument that the court lacked subject matter jurisdiction, it failed to cite to any section of the FAA for support of its request that the court compel arbitration. In fact, a review of the FAA reveals that it does not endorse (explicitly or implicitly) the use of a motion to dismiss as a mechanism to compel arbitration. See9 U.S.C. § 1 through 16.
Rather, section 4 of the FAA provides, in pertinent part, the following: "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action . . . of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement."9 U.S.C. § 4. Thus, the defendant should have petitioned for an order directing that the arbitration go forward pursuant to section 4 of the FAA. See 9 U.S.C. § 4. The defendant, however, neither filed a petition for such an order nor cited to section 4 of the FAA. CT Page 5243 Moreover, the request to compel arbitration within the defendant's motion to dismiss is insufficient to transform the motion to dismiss into a petition for an order directing arbitration to proceed given that the defendant failed to cite any authority for such relief and failed to address this request in its memorandum of law. See DufercoSteel Inc. v. M/V Kalisti, 121 F.3d 321, 326 n. 8 (7th Cir. 1997) (refusing to construe a motion to dismiss as a petition to compel arbitration under section 4 of the FAA given that neither party made a request to compel arbitration). An extensive search of federal and Connecticut case law failed to uncover any cases in which a motion to dismiss was treated as a motion or petition to compel arbitration under section 4 of the FAA.
Moreover, this court notes that while some decisions of the Superior Court treat motions to dismiss as motions to stay proceedings pending arbitration; see, e.g., Handrinos v. Lathouris,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 160692 (November 13, 1997, Mintz, J.); no decision has been rendered treating a motion to dismiss as an application or motion to compel arbitration, seemingly because of the detailed procedure (i.e. writ of summons and complaint) set forth in General Statutes § 52-410 (a). See, e.g., Zarchen v. Union Equipment Co.,20 Conn. Sup. 44, 46, 121 A.2d 287 (1956).
Based on the foregoing, the defendant's motion to dismiss is improper and, therefore, denied. The defendant should have petitioned for an order directing that the arbitration proceed (also referred to as a motion to compel arbitration).[2]
So Ordered.
___________________ D'ANDREA, J.