Robert F. CASEY, Jr., Rita A. Casey, David McCoy, and Amy McCoy, Plaintiffs,

v.

Michael GOULIAN, Executive Flyers Aviation, Inc., Center of Massachusetts Aerobatics, LLC, Kent G. Christman, Steve S. Pennypacker, and Peter E. Bocon, Defendants.

No. CIV.A.03–11042–PBS.

United States District Court, D. Massachusetts.

July 21, 2003.

---

Gary M. Arber, Arber Lannik & Badolato LLP, Brookline, MA, for Michael Goulian, Executive Flyers Aviation, Inc., Defendants.

Kevin C. Cain, Peabody & Arnold, Boston, MA, for Center of Mass. Aerobatics, LLC, Kent G. Christman, Peter E. Bocon, Steve S. Pennypacker, Defendants.

### *MEMORANDUM AND ORDER*

SARIS, District Judge.

### INTRODUCTION

Plaintiffs bring state-law nuisance claims, alleging that defendants are involved in noisy and dangerous stunt-airplane flights over their homes. Defendants removed this suit from state court on the ground that plaintiffs' claims fall within this Court's federal-question jurisdiction. The Court holds it lacks jurisdiction over this suit, and *ALLOWS* plaintiffs' motion for remand.

### DISCUSSION

### I.  Standard for Removal

A party seeking to remove a case to federal court has the burden of demonstrating the existence of federal jurisdiction. *See, e.g., BIW Deceived v. Local S6,* 132 F.3d 824, 831 (1st Cir.1997). Furthermore, the removal statute should be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action. *See, e.g., Danca v. Private Health Care Sys., Inc.,* 185 F.3d 1, 4 (1st Cir.1999).

### II.  Analysis of Federal–Question Jurisdiction

A state-court suit that includes at least one claim "arising under the Constitution, laws, or treaties of the United States" can be removed to federal court. *See* 28 U.S.C. § 1441 (2003) (allowing for removal of suits that fall within the federal district courts' original jurisdiction over federal-question cases); 28 U.S.C. § 1331 (2003) (federal-question statute). "[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.' A defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (citations omitted); *see also Rivet v. Regions Bank of La.,* 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) ("[A] case may not be removed to federal court on the basis of a federal defense ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.") (citation omitted).

■ Defendants argue that plaintiffs' state-law claims fall within the Court's federal-question jurisdiction, for two reasons.

*First,* defendants contend that plaintiffs' state-law claims necessarily turn on the construction of federal law. *See, e.g., City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 164, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997) (stating that a federal question can arise through a state-law claim "requir[ing] resolution of a substantial question of federal law") (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 13, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Defendants maintain that plaintiffs' claims turn on federal aviation standards, in particular those set out in the Federal Aviation Act ("FAA"), 49 U.S.C. §§ 40101 *et seq.* (2003), and its enabling regulations applicable to aircraft flight and noise.

But the complaint itself does not contain any reference to the FAA or any other federal law. Even if FAA statutory or regulatory standards did provide a required element of plaintiffs' state-law claims, defendants have failed to demonstrate that the FAA provides a private cause of action to enforce these standards. Under the weight of the caselaw, federal jurisdiction is not available absent such a showing. *See Merrell Dow,* 478 U.S. at 817, 106 S.Ct. 3229 ("We conclude that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'") (quoting 28 U.S.C. § 1331); *PCS 2000 LP v. Romulus Telecomms., Inc.,* 148 F.3d 32, 35 (1st Cir.1998) ("Unless a federal statute bestows a private right of action, courts ought to presume that Congress did not intend the statute to confer federal jurisdiction."); *State of Montana v. Abbot Labs.,* 2003 WL 21356449 at *5 (D.Mass. June 11, 2003) (collecting cases interpreting *Merrell Dow*); *see also Vorhees v. Naper Aero Club, Inc.,* 272 F.3d 398, 404

(7th Cir.2001) (noting that the FAA "has no civil enforcement provision or any provision allowing a private resident to sue for the property torts of an airline pilot or airport operator"). *But see Tipp City v. Dayton,* 204 F.R.D. 388, 395–96 (S.D.Ohio 2001) (finding, without the benefit of briefing, federal-question jurisdiction where plaintiffs' state-law nuisance claim based on airplane noise alleged that defendants had failed to comply with Federal Aviation Administration "Tower Orders").

■ *Second,* defendants contend that federal aviation law "completely preempts" plaintiffs' claims. *See, e.g., Rivet,* 522 U.S. at 476, 118 S.Ct. 921 ("Although federal preemption is normally a defense, '[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law.'") (quoting *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). Defendants argue that plaintiffs' claims seek to use state law to regulate the airspace over their homes, in contravention of the FAA, which expressly provides that "[t]he United States Government has exclusive sovereignty of airspace of the United States." 49 U.S.C. § 40103(a); *see also Burbank v. Lockheed Air Terminal Inc.,* 411 U.S. 624, 625–40, 93 S.Ct. 1854, 36 L.Ed.2d 547 (1973) (finding federal preemption of a city ordinance imposing a curfew on jet-aircraft flights, given the "pervasive nature of the scheme of federal regulation of aircraft noise"; not addressing complete preemption).

But the Court is persuaded by the Seventh Circuit's recent rejection of a similar complete-preemption argument in *See Vorhees v. Naper Aero Club, Inc.* 272 F.3d at 400–05. In *Vorhees,* the plaintiff owned property adjacent to an airport. *Id.* at 400. Flights taking off and landing from

the airport flew at low altitudes over plaintiff's property, preventing him from building high-rise buildings there. *Id.* The plaintiff brought a state-law trespass claim in state court, seeking an injunction preventing use of the runway adjacent to his property. *Id.* at 401. The defendants removed the case on the ground of complete preemption:

> The defendants contended that because [plaintiff] Vorhees sought to prohibit the use of the runway at the Airport, and because regulation and operation of airports are matters exclusively within the purview of the federal government, federal law preempted state law with respect to all aspects of the complaint....
>
> [Defendants] point to the fact that 49 U.S.C. § 40103(a) provides that "[t]he United States Government has exclusive sovereignty of airspace of the United States." The injunction the plaintiff seeks would, at first blush, probably require the defendants to change their routes and flight patterns.... The change in route and flight patterns would ultimately result in the regulation of airspace, in contravention of the rule that this regulation is solely within the sovereignty of the federal government. Because the requested state law recovery would interfere with federal authority, defendants argue, the claim must be completely preempted.

*Id.* 401–03.

In addressing the defendants' arguments, the Seventh Circuit carefully distinguished "complete" preemption—a jurisdictional concept—from preemption on the merits:

> While [defendants'] arguments set forth a strong case for federal preemption, they do not answer the more subtle question of whether we are dealing with so-called "complete preemption" or its more ordinary cousin, "conflict preemption." Only "complete" preemption affects federal subject matter jurisdiction. "Conflict" preemption relates to the merits of a claim. It comes into play any time a state law allegedly conflicts with federal law. If such a conflict exists, then the state law is preempted and must necessarily give way to federal law. For present purposes, however, the key point is this: ordinary or conflict preemption is merely a defense to the merits of a claim. As such, according to the well-pleaded complaint rule, it does not provide a basis for federal question jurisdiction....
>
> We agree with the defendants that the Illinois law claims Vorhees is trying to assert may very well be preempted by the Federal Aviation Act (although we make no ruling on that question at this time). But the fact that a federal statute creates a defense to a state law claim does not necessarily mean that "Congress has, by statute, taken the subject away from state tribunals and given it to federal courts." The question is whether, in enacting the Federal Aviation Act, Congress clearly intended completely to replace state law with federal law and create a federal forum, or, more likely, if it only intended to provide a federal defense to the application of state law.

*Id.* at 403 (citations omitted). The Seventh Circuit noted that "[t]here are only two areas in which the Supreme Court has found that Congress intended completely to replace state law with federal law for purposes of federal jurisdiction: the first is in the field of federal labor law and the second is in the area of federal pension law." *Id.*

The Circuit Court refused to give a similarly expansive interpretation to the FAA, stating that "[t]here is no ... broad language in the Federal Aviation Act specifically prohibiting state and local govern-

**140**

ments from regulating airflight in any way whatsoever" and "we have held that some state law claims relating to airflight may still have merit, notwithstanding the broad scope of the Federal Aviation Act." *Id.* at 404. *See also Tipp City,* 204 F.R.D. at 393 (where plaintiffs brought a state-law nuisance claim based on noise pollution caused by a neighboring airport, finding "no basis for concluding that Plaintiffs' nuisance claim is completely preempted by federal law"); *cf. also Kingsley v. Lania,* 221 F.Supp.2d 93, 96 (D.Mass.2002) (in dispute between passenger and airline over passenger's treatment at a security checkpoint, holding that "there is no indication that Congress intended to make a federal forum available for every case involving disputes with the airlines. There is no complete preemption of the field so as to allow removal on federal question grounds.").

The Court agrees with the Seventh Circuit that Congress, through the FAA, did not take the subject of airplane interference with property rights and give it exclusively to the federal courts. Perhaps defendants have a valid preemption defense on the merits, *see Burbank,* 411 U.S. at 625–40, 93 S.Ct. 1854, perhaps not, *see Bieneman v. City of Chicago,* 864 F.2d 463, 472–73 (7th Cir.1988) (stating that "Illinois has some role notwithstanding *Burbank* in governing the amount of noise and pollution that escapes from O'Hare [Airport]" and that state damages remedies are not preempted where they "enforce federal [aviation] requirements" or "regulate aspects of airport operation over which the state has discretionary authority"). In any event, defendants will have to address their arguments to the state court.

### ORDER

The Court ***ALLOWS*** plaintiffs' Motion to Vacate Removal and Remand to State Court (Docket No. 10) and ***ORDERS*** this

suit remanded to Massachusetts Superior Court in Middlesex County.