**Rodolfo BETANCOURT, Plaintiff**

v.

**BEAR STEARNS & CO., INC., Defendant.**

Civil No. 04–2264 (JAG).

United States District Court, D. Puerto Rico.

Sept. 26, 2005.

---

**188**

Sonia B. Alfaro–De–La–Vega, Kevin M. Acevedo–Carlson, San Juan, PR, for Plaintiff.

Anita Montaner–Sevillano, Sandra L. Negron–Monge, McConnell Valdes, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is a "Motion to Remand to State Court For Lack of Subject Matter Jurisdiction," filed by plaintiff Rodolfo Betancourt ("Betancourt") on December 6th, 2004. (Docket No. 4). For the reasons set forth below, the Court **GRANTS** the Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Betancourt began working as a stockbroker for Bear Stearns & Co. ("Bear Stearns") on January 29th, 1992. In June of 1993, Bear Stearns appointed Betancourt Associate Director of the company's Financial Services Group. On May 27th, 2004, Bear Stearns' notified Betancourt that he was being terminated from his employment within the company.

On October 21st, 2004, Betancourt filed a Complaint against Bear Stearns in the Puerto Rico Court of First Instance, alleging that he was unjustly terminated. Accordingly, Betancourt requested the state court to grant him: 1) severance payment pursuant to Puerto Rico Act No. 80, 29 L.P.R.A. § 185a *et seq.* ("Act No. 80"); and 2) a declaratory judgment stating that an arbitration clause included in the employment agreement signed between Betancourt and Bear Stearns is null and unenforceable. The state action was premised on three Puerto Rico statutes, namely: a) Act No. 2 of October 17th, 1961, 32 L.P.R.A. 3118 *et seq.*; b) Act No. 80 of May 30th, 1976, 29 L.P.R.A. 185a *et seq.*; and c) Rule 59 of the Puerto

Rico Rules of Civil Procedure, 32 L.P.R.A., Ap. III (R. 59).

On November 15th, 2004, Bear Stearns filed a Notice of Removal before this Court, (Docket No. 1), premising federal jurisdiction on the diversity statute. 28 U.S.C. § 1332(a). Betancourt, however, filed a "Motion to Remand," arguing that his Complaint does not meet the jurisdictional amount of $75,000. (Docket No 4).

## STANDARD OF REVIEW

### 1. *Removal Standard*

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *City of Chicago v. International Coll. of Surgeons*, 522 U.S. 156, 163–64, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997). The removal notice "shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the [Complaint]." 28 U.S.C. 1446(b).

■ The Supreme Court of the United States has held that, in deciding (for removal purposes) whether a case presents a federal claim or right, a court is to ask whether the plaintiff's claim to relief rests upon a federal right, and the court is to look only to plaintiff's complaint to find the answer. *Rosselló–González v. Calderón–Serra*, 398 F.3d 1, 10 (1st Cir.2004); *Hernández–Agosto v. Romero–Barceló*, 748 F.2d 1, 2 (1st Cir.1984). The existence of a federal defense is not sufficient for removal jurisdiction. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10–11, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

■ Federal courts are courts of limited jurisdiction. While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). As master of his own claim, plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Id.*, at 392, 107 S.Ct. 2425.

■ When the removal is premised on diversity jurisdiction, the amount in controversy requirement is ordinarily determined from the plaintiff's complaint. *Saint Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *PCS 2000 LP v. Romulus Telecomm., Inc.*, 148 F.3d 32, 34 (1st Cir.1998). Furthermore, a court must determine the amount in controversy in a particular lawsuit based on the circumstances existing at the time the complaint was filed. *Spielman v. Genzyme Corp.*, 251 F.3d 1, 4 (1st Cir.2001).

■ When a party questions the propriety of a removal petition, the removing party bears the burden of showing that removal is proper. *See Danca v. Private Health Care Systems*, 185 F.3d 1, 4 (1st Cir.1999) (*citing BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America, IAMAW District Lodge 4*, 132 F.3d 824, 831 (1st Cir.1997)). Removal statutes are strictly construed against removal. *See Rosselló–Gonzalez*, 398 F.3d at 11 (*citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). When plaintiff and defendant clash about jurisdiction, uncertainties are construed in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir.1994).

## DISCUSSION

Bear Stearns argues that removal to federal court is appropriate because, al-

though Betancourt did not include in his state action a specific amount as his severance remedy, he clearly alleges in the Complaint that his remedy should be computed not only by taking into consideration his base salary (which Betancourt admits was approximately $75,000 a year), but also the year-end bonus he received during his last year of employment with Bear Stearns, which was in excess of $75,000. (Docket No. 6 at 2). Bear Stearns also argues that when the Complaint is silent as to the specific monetary amount claimed by the plaintiff, the Court can properly rely on the demand letter to ascertain the jurisdictional amount. In this case, Betancourt avers in his demand letter to Bear Stearns that he is entitled to a severance payment of no less that $232,236.62 (Docket No. 1 Exhibit B–3; 2).

Betancourt counters that he did not request a specific amount in his Complaint because there is an issue between the parties as to which elements of his total compensation are encompassed under his "salary," for purposes of determining his severance payment under Act No. 80. (Docket No. 12 at 4). Betancourt further contends that this controversy exists because the Puerto Rico Supreme Court has not squarely addressed a case like his, nor ruled as to whether year-end bonuses must be included in a severance payment calculation under Act No. 80. In fact, Betancourt explains that their *impasse* during settlement negotiations stemmed from the fact that Bear Stearns believes that any amount for severance payment should be computed using only Betancourt's base salary, and thus Betancourt should only receive approximately $30,000. Hence, Betancourt concludes that "the Court cannot pierce the allegations of the Complaint, clarify and resolve the unsettled issues of local law which this case presents, and liberally interpret all allegations favorable to removal." *Id.*, at 6. The Court agrees.

 It is undisputed that Betancourt did not request a specific severance amount in his Complaint before the state court. Also, Bear Stearns accepts that the Puerto Rico Supreme Court has not specifically decided whether an employee's year-end-bonus shall be computed as part of his salary for severance payment purposes under Act No. 80. Therefore, based on the circumstances existing at the time the Complaint was filed, the only undisputed amount before the Court is Betancourt's base salary, at approximately $75,000. In other words, even if on the merits the Court rules in Betancourt's favor, his severance payment under Act No. 80—according to settled state law—would be calculated based on that sum, which would, to a legal certainty, be less than the jurisdictional amount. Conversely, in order to accept Bear Stearns' proposition, the Court would have to entertain an unsettled issue of state law, establish that year-end-bonuses are part of Betancourt's salary for purposes of computing his severance payment, and then rule that the jurisdictional amount is met. Prudential reasons, however, counsel the Court against assuming such a posture.

As previously stated, removal statutes are strictly construed against removal, and when plaintiff and defendant clash about jurisdiction, uncertainties are construed in favor of remand. *Rosselló–González*, 398 F.3d at 11. In this case, Bear Stearns does not satisfactorily show the Court that Betancourt's claim involves a sum greater than $75,000. To the contrary, in its own pleadings, bear Stearns implies that Betancourt is not entitled to receive a severance payment based on bonuses and commissions. For instance, Bear Stearns stated in its "Opposition to Motion to Remand" (Docket No. 6 at 14) that "Bear

Stearns sustained that any amount for severance payment should only be computed using Plaintiff's base salary," and also that "[p]laintiff did not agree with Bear Stearns' position during settlement, to the effect that Betancourt would only be entitled to a total amount of approximately $30,000." [1]

Finally, the Court notes that Bear Stearns itself filed a Motion to Dismiss the case based on an arbitration clause agreed upon by the parties. (Docket No. 3).

In sum, both parties agree that the case does not belong in this Court, but for different reasons. To entertain the case under these circumstances would run afoul with the congressional purpose behind the establishment of the jurisdictional amount: "to keep the diversity caseload of federal courts under some modicum of control." *Snyder v. Harris*, 394 U.S. 332, 339–340, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969); *Packard v. Provident National Bank*, 994 F.2d 1039, 1044–1045 (3rd Cir.1993). Therefore, the Court must **REMAND** the case to the Puerto Rico Court of First Instance.[2]

## CONCLUSION

In light of the foregoing, the Court hereby **GRANTS** Betancourt's Motion (Docket No. 4) and **REMANDS** the case to the Puerto Rico Court of First Instance, Superior Court of San Juan. All pending motions are **MOOT**.

IT IS SO ORDERED.

---

1. *See Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir.2001)("[o]nce the damages allegations is challenged, however, the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount ... [c]ourts determine whether a party has met the amount-in-controversy requirement by looking to the circumstances at the time the complaint is filed."); *Lupo v. Human Affairs International, Inc.*, 28 F.3d 269, 273–274 (2nd Cir.1994)(if jurisdictional amount is not clearly alleged in the complaint, and defendant's notice of removal fails to allege facts adequate to establish that amount in controversy exceeds jurisdictional amount, federal courts lack diversity jurisdiction as basis for removing action from state court); *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 255 (5th Cir.1961).

2. The Court acknowledges that Bear Stearns can always bring its arbitration claim in state court.