Jose A. SAADE FERRER, Plaintiff,

v.

**BANCO CENTRAL HISPANO–
PUERTO RICO, INC., et
al. Defendants.**

**No. CIV. 00–2375(DRD).**

United States District Court,
D. Puerto Rico.

April 27, 2001.

Maria I. Rey–Cancio, Fiddler, Gonzalez & Rodriguez, San Juan, PR, for defendant.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the Court is a motion filed by Plaintiff, Jose A. Saade Ferrer, ("Saade"), requesting amendment of the complaint under FED. R. CIV. P. 15(a), the dismissal of the ERISA cause of action without prejudice pursuant FED. R. CIV. P. 41(a), and the remand to State court of the local claims under 28 U.S.C. § 1367(c)(3). (Docket No. 9). Defendants, Banco Central Hispano, Inc., et al., ("Banco"), filed an opposition on February 23, 2001. (Docket No. 10). The Court **DENIES** Saade's motion (Docket No. 9) for the reasons that follow.

On October 3, 2000 Plaintiff filed a complaint in the Puerto Rico Court of First Instance, Superior Part of San Juan, seeking specific compliance and damages related to a contract under the Banco Central Hispano Employees' Pension Plan (the "Plan"). (Exhibit No. 1). Thereafter, Defendants removed the case to this Court on October 23, 2000 under the grounds of federal question, 28 U.S.C. § 1331 and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a). (Docket No. 1). In addition, Defendants submitted certified translations of documents on November 14, 2000. (Docket No. 5). Defendants answered the complaint on December 1st, 2000. (Docket No. 8). On February 7, 2001 Plaintiff filed a "Motion Requesting Dismissal Without Prejudice and Remand to State Court". (Docket No. 9). This is the motion under this Court's consideration.

Because the causes of action in the complaint are related to a pension plan, which under ("ERISA") may preempt all states laws, the Court shall not fully analyze Plaintiff's request for voluntary dismissal of the ERISA claim merely under FED. R. CIV. P. 41(a), nor the amendment of the complaint under FED. R. CIV. P. 15(a). The Court shall focus this order on whether or not pursuant the breath of 29 U.S.C. § 1132(a), the **subject matter of the complaint** is preempted under ERISA.

## I. REMOVAL

The case removal procedure is governed by 28 U.S.C. § 1446 (Procedure for removal), which in pertinent part states:

"... (c)(5) If the United States district court does not order the summary remand of such prosecution, it shall order an evidentiary hearing to be held promptly and after such hearing shall make such disposition of the prosecution as justice shall require. If the United States district court determines that removal shall be permitted, it shall so notify the State court in which prosecution is pending, which shall proceed no further."

See 28 U.S.C. § 1446(c)(5). Defendants appropriately removed the case pursuant 28 U.S.C. § 1441(b), which states:

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

See 28 U.S.C. § 1441(b). Under the removal statute once the removal is executed "the action simply proceeds in the federal court as if it had been commenced there." 14B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3730. ("Once case is properly removed, district court has jurisdiction over entire case, regardless of whether basis for removal, i.e., federal claim, thereafter remains."). See Com. of Mass. v. V & M Management, Inc., 929 F.2d 830 (1st Cir.1991).

## II. AMENDMENT & VOLUNTARY DISMISSAL

The Plaintiff's request to amend the complaint pursuant FED. R. CIV. P. 15(a) is in reality a withdrawal of the federal cause of action, ERISA, which normally may be accomplished simply by leave of Court, via a motion for voluntary dismissal pursuant FED. R. CIV. P. 41. ("The Court deems unnecessary to resolve the ambiguity between Rules 15 and 41. Rather, the Court welcomes the simplification of some issues, and the elimination of others, made possible by plaintiff's decision not to pursue his claims under the . . .") *Fastener Corp. v. Spotnails, Inc.,* 291 F.Supp. 974, 976 (N.D.Ill.1968). Plaintiff states that "as amended, Plaintiff no longer seeks any cause of action adjudicable under ERISA, and said controversy being the liaison upon which defendants invoked this Court's jurisdiction, Plaintiff requests that the remaining State law claim be remanded to State Court for adjudication." (Docket No. 9). Plaintiff is incorrect because of the wide scope of preemption under ERISA created by the subject matter of the complaint. The Court briefly explains.

## III. TOTAL PREEMPTION

In *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), "an employee brought suit against former employer and its insurer alleging breach of contract, retaliatory discharge and wrongful termination of disability benefits . . . The Supreme Court held that: (1) employee's common-law contract and tort claims were preempted by ERISA and fell within provision establishing exclusive federal cause of action for resolution of suits by beneficiaries to recover benefits from covered plan; and (2) common law causes of action filed in state court preempted by ERISA which fell within the scope of such

provision were removable to federal court under well-pleaded complaint rule." "An action may be removed if the real nature of the claim asserted in the complaint is essentially federal in nature, such as when state causes of action are completely preempted by ERISA or the Labor–Management Relations Act, even if the complaint purports to allege no federal causes of action." *See* 16–107 Moore's Federal Practice—Civil §§ 107.14.

■ Plaintiff requests to amend the complaint to limit "the cause of action to "breach of contract" and the remedy sought to consequential damages; eliminating thereby the request for specific performance of the contract." (Docket No. 9). Under said amendment, Plaintiff avers that "[o]nce the ERISA cause of action is dismissed, this Court will lack subject matter jurisdiction in this case." (Docket No. 9). FED. R. CIV. P. 15(a) specifically provides that a party may amend a "pleading". *See* 6 Wright & Miller: Federal Practice & Procedure § 1475 at 554 *et seq.* The liberal amendment policy of FED. R. CIV. P. 15(a) does not mean that leave will be granted in all cases.

In the complaint, Plaintiff clearly alleges that the claim directly relates to:

" . . . a salary and certain fringe benefits, among which was included a pension plan (hereinafter the Pension Plan)., [t]he Pension Plan to which plaintiff has a right establishes that plaintiff may select early retirement, upon reaching 55 years of age or select a normal retirement upon reaching [age] 65 years of age, and enjoy all the benefits provided by said plan, provided he has completed 20 years of service with co-defendant Banco Central, . . . when you (*referring to plaintiff*) reincorporate to BCC (*referring to co-defendant Banco Central*) you will be immediately allowed as an active participant of the (*Pensions*) Plan

and you will be recognized under the Plan your years of service abroad under the basic annual compensation received by you in each one of these years."

(Docket No. 5–Translated Complaint). Therefore, as the facts are presented, Plaintiff's claim not only is connected to the pension plan; rather, the plan is the basis for Plaintiff's claim.

Under 29 U.S.C. § 1144(a) ERISA preempts all state claims related to pension plans. In its pertinent part the law states:

"(a) Supersedure; effective date

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall superseded **any and all** State laws **insofar as they may now or hereafter relate to any employee benefit plan** described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975." [Emphasis ours.].

Plaintiff is granted the right to bring a civil action under ERISA through 29 U.S.C. § 1132(a), which in pertinent part states:

"(a) Persons empowered to bring a civil action

A civil action may be brought—(1) by a participant or beneficiary—(B) to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; . . ."

See 29 U.S.C. § 1132(a). After an analysis of the alleged facts in the complaint, the Court finds that the case at bar is within the scope of ERISA. In an analogous case the Seventh Circuit held that when a plaintiff attempts to enforce the agreements of contracts related to a pension plan exclusively under state law:

"[h]is problem is §§ 514(a) of ERISA (the Employee Retirement and Income Security Act), 29 U.S.C. §§ 1144(a), which preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" within the scope of ERISA. Not only pension and welfare plans, but also contracts specifying levels of pension and welfare benefits, fall into the domain of federal law—for the plans themselves are just contracts."

*Dranchak v. Akzo Nobel Inc.,* 88 F.3d 457 (7th Cir.1996). *See Vartanian v. Monsanto Co.,* 14 F.3d 697 (1st Cir.1994).[1]

---

**1.** "ERISA's jurisdictional requirements are to be construed broadly in order to facilitate enforcement of its remedial provisions". Employee Retirement Income Security Act of 1974, §§ 502(a)(1)(B), 29 U.S.C.A. §§ 1132(a)(1)(B). Section 514 of ERISA supersedes "any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan...." 29 U.S.C. §§ 1144(a) (emphasis added). The Supreme Court has established that "a law 'relates to' an employee benefit plan ... if it has a connection with or reference to such a plan." *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 139, 111 S.Ct. 478, 483, 112 L.Ed.2d 474 (1990). In *Ingersoll–Rand, Co.,* the Supreme Court identified two tests for determining whether a cause of action "relates to" and is thus, preempted by ERISA. First, a law is expressly preempted by ERISA where a plaintiff, in order to prevail, must plead, and the court must find, that an ERISA plan exists. *Id.* at 140, 111 S.Ct. at 483. The cause of action "relates to" an ERISA plan in this context because the court's inquiry must be directed to the plan. *Id.* Second, even where there is no express preemption, a cause of action is preempted if it conflicts directly with an ERISA cause of action. *Id.* at 142, 111 S.Ct. at 484. In the present case, the existence of the 1991 Plan is inseparably connected to any determination of liability under state common law of misrepresentation..."

Plaintiff has a private right of action and his claim confers jurisdiction to this Court pursuant to 29 U.S.C. § 1132(e)(1) which in pertinent part states:

"Except for actions under subsection (a)(1)(B) of this section the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title."

See 29 U.S.C. § 1132(e)(1). Accordingly, this suit, though it purports to raise only state contract law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Therefore, Plaintiff's complaint is one which provides the Court original subject matter jurisdiction. The amendment and dismissal requested are therefore **DENIED** as an artifice to avoid the application of ERISA. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. at 64–65, 107 S.Ct. 1542.

## IV. REMOVAL NOTWITHSTANDING A FEDERAL CAUSE OF ACTION

■ Even though Plaintiff's avers that once the federal cause of action is withdrawn the Court no longer has jurisdiction, the Court retains jurisdiction because preempted causes of action may be removable even if a federal claim is not expressed in the complaint. The Court briefly explains.

■ Although a defendant usually "may not remove a case from state to federal court if the plaintiff voluntarily elects not to present an available federal claim," Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913), notwithstanding, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." Popular Democratic Party v. Commonwealth of Puerto Rico, 24 F.Supp.2d 184, 188 (D.P.R.1998) (citing Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Hence, failure to make specific references in the allegations of the complaint to a source of federal law that is clearly applicable or artful evasion of federal law does not shut down the application of federal law. The situation is specially applicable when "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. at 58, 107 S.Ct. 1542 (referring to pension plan claims). Hence, "where it appears from the bill or statement of the plaintiff that the right to relief depends upon the construction or application of the Constitution or laws of the United States, and that such federal claim is not merely colorable, and rests upon a reasonable foundation, the District Court has jurisdiction ..." Popular Democratic Party, 24 F.Supp.2d at 189 (citing Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199, 41 S.Ct. 243, 65 L.Ed. 577 (1921)).

■ The Smith rule "is not automatically triggered by the mere fact that the construction of a federal law probably will determine the outcome of a state law cause of action." Id. (citing Moore v. Chesapeake & Ohio Ry., 291 U.S. 205, 54 S.Ct. 402, 78 L.Ed. 755 (1934)). In fact, "[t]he Court must carefully ponder 'the nature of the federal issues at stake.'" Id. (citing Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 814 n. 12, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986)). There is finally a last hurdle that must be cleared, "[u]nless a federal statute bestows a private right of action, courts ought to presume that Con-

gress did not intend the statute to confer federal jurisdiction." *Id.* (citing *PCS 2000 LP v. Romulus Telcomms., Inc.,* 148 F.3d 32 (1st Cir.1998)). Hence, *Merrell Dow* has clarified the *Smith* rule to be applicable when (1) the federal issue involved is substantial and (2) there is a clear private cause of action created by Congress. In the instant case the federal cause of action is substantial pursuant to the clear holding of *Metropolitan Life Insurance Co.,* and there is no doubt a private right of action under ERISA, 29 U.S.C. § 1132(a). Hence, even if the complaint did not allege a federal cause of action, if the action involves a private claim under a pension plan, the case is removable.

■ Further, "[a]n action may be removed if the real nature of the claim asserted in the complaint is essentially federal in nature, such as when state causes of action are completely preempted by ERISA or the Labor–Management Relations Act, even if the complaint purports to allege no federal causes of action." *See* 16–107 Moore's Federal Practice—Civil §§ 107.14. *Antol v. Esposto,* 100 F.3d 1111, 1117 (3rd Cir.1996) (defendant-employer may remove employees' state law suit to federal court when state law claims have been completely preempted by LMRA). *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 46–48, 51, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). (ERISA preempts employee's state common law action against insurer for alleged improper processing of claims for benefits under ERISA plan). *Rice v. Panchal,* 65 F.3d 637, 639–642 (7th Cir. 1995) (presence of state law claims cognizable under ERISA's civil enforcement provision provides basis for complete preemption).

■ To date, ERISA and the LMRA are the only statutes that the Supreme Court has found to have the broad scope of complete preemption. *See Strong v. Telec-* *tronics Pacing Systems, Inc.,* 78 F.3d 256, 259 (6th Cir.1996). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

Recapitulating, the complete preemption bite under ERISA controls the case at bar because Plaintiff's claim is related to an employee pension plan benefit covered under the wide breath of the law. Presently, the Court cannot determine whether or not the claim at bar is within the jurisdictional coverage required under 29 U.S.C. § 1003 of ERISA, but understands that it is a *prima facie* pension plan case covered by ERISA. (Employer, a bank, is presumptively in interstate commerce). The requested remand of case, and the amendment and dismissal of the ERISA cause of action are **DENIED.**

WHEREFORE, for the aforementioned reasons, the Court **DENIES** Plaintiff's motion requesting the amendment and dismissal of the ERISA federal cause of action without prejudice.

**IT IS SO ORDERED.**