Graciano **ALAMO RODRIGUEZ,** et al., **Plaintiffs,**

v.

**MCS LIFE INSURANCE COMPANY,** et. al., **Defendants.**

**No. 02–2358 (DRD).**

United States District Court, D. Puerto Rico.

July 17, 2003.

John Ward–Llambias, San Juan, PR, Marcos A. Rivera–Ortiz, Rio Piedras, PR, for plaintiffs.

James D. Noel–High, Ariadna Alvarez, McConnell Valdes, Carl E. Schuster, Lourdes C. Hernandez–Venegas, Schuster, Usera & Aguilo LLP, San Juan, PR, for defendants.

## *AMENDED OPINION AND ORDER*

DOMINGUEZ, District Judge.

Pending before the Court is Defendant Philip Morris de Puerto Rico's (hereinafter referred to as "PM") Motion to Dismiss (Docket No. 13) filed on October 9, 2002 and co-defendants Kraft Foods North America, Inc., PM, Norma Rola, and Elliot Rivera's Motion to Dismiss (Docket No. 14) also filed on October 9, 2002. Defendant Philip Morris de Puerto Rico alleges in their submittal (Docket No. 13) that Plaintiff's Amended Complaint (Docket No.6) should be dismissed for failing to state a claim upon which relief can be granted. Filed on the same date, Co-defendants Kraft, PM, Norma Rola and Elliot Rivera further allege in a separate motion (Docket No.14) that the state law claims should be dismissed since they are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

On November 14, 2002, the Court referred these two motions to Magistrate Judge Justo Arenas for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ. P. 72(b); and Local Rule 503. (Docket No. 17). The Magistrate filed a Report and Recommendation ("R & R") on December 4, 2002 (Docket No. 19). In the report, the Magistrate recommended that both Motions to Dismiss filed by co-defendants (Philip Morris de Puerto Rico, Kraft, PM, Norma Rola and Elliot Rivera) (Dockets 13 & 14) be considered unopposed and granted. Plaintiffs filed an opposition to the R & R, on December 30, 2002 (Docket No. 20) and

is considered untimely.[1] As such, the Magistrate's R & R, Defendant Philip Morris de Puerto Rico's Motion to Dismiss (Docket No. 13), and co-defendants Kraft Foods North America, Inc., Philip Morris de Puerto Rico, Norma Rola and Elliot Rivera's Motion to Dismiss (Docket No. 14) are all considered unopposed. Notwithstanding, the Court reviews the Report and Recommendation and for the reasons set forth below, Defendants' motions to dismiss are **GRANTED.**

### BACKGROUND

Plaintiffs filed this complaint under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, and Article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141. Pursuant to the allegations of the complaint, Plaintiffs have been employees of co-defendant Life Savers, Inc., and some of the Plaintiffs were employees of R.J. Reynolds, Squibb, Nabisco, etc., as such they had obtained benefits granted by disability insurance contracts with different carriers: Transamerica, Cigna, Prudential, Aetna (sic) and MCS. In 1999 Life Savers, Inc. contracted the services of MCS to administer the Long Term Disability Plan (LTD). Plaintiffs then experienced serious problems in relation to their health condition and with "unreasonable, capricious and intentional" exigencies which co-defendant MCS imposed to maintain in effect the disability benefits then enjoyed by the Plaintiff employer. Plaintiffs further allege that they have been reasonably complying with the rules and directives imposed upon them, and that they are disabled individuals with no other alternatives that may guarantee them other means of income. Defendants

have acted in a premeditated manner, maintaining Plaintiffs in a state of ignorance and uncertainty as to the benefits and guarantees of the policies. Plaintiffs further allege they have never been certain as to the benefits they are entitled to, and at times some receive benefits while others do not, creating disparity in the application of the LTD plan.

The complaint also alleges that co-defendant MCS has been harassing, persecuting and disrupting the emotional tranquility of the Plaintiffs with the sole purpose of eliminating entitled benefits acquired by virtue of the LTD Plan. Co-defendants Norma Rola and Elliot Rivera allegedly plotted with the Retirement Plan Administration to plan and execute the above referred scheme. Plaintiffs in the allegations of the complaint further aver, that their state of insecurity, fear and apprehension is a product of the intentional and/or negligent acts of the Defendants with the sole purpose of denying Plaintiffs the benefits they are entitled to as beneficiaries of the Disability Plan. As a result, Plaintiffs have "sunken to a state of humiliation and depression that psychologically affects their social and family life." As reparation for the suffering and mental anguish, Plaintiffs claim that they are entitled to an estimated amount of $150,000.00 for each Plaintiff for a total of $9,000,000.00.

### REPORT AND RECOMMENDATION

Plaintiffs failed to timely oppose the Magistrate's Report and Recommendation granting the Motions to Dismiss presented by co-defendants, thus the Court considers the Report and Recommendation submit-

---

1. An adversely affected party may contest the Magistrate's report and recommendation by filing its objections within ten (10) days after being served a copy thereof. *See* Local Rule 510.2(A); Fed.R.Civ.P. 72(b). The motions before the Magistrate Judge were also unopposed. See FN 1 of the Magistrate's Report and Recommendation at Docket (Docket No. 19).

ted as unopposed. An adversely affected party may contest the Magistrate's report and recommendation by filing its objections within ten (10) days after being served a copy thereof. *See* Local Rule 510.2(A); Fed.R.Civ.P. 72(b). Furthermore, the Federal Magistrates Act provides:

> The magistrate shall file his proposed findings and recommendations ... with the court and a copy shall forthwith be mailed to all parties. Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C).

■ "A party 'may' file objections within ten days or he may not, as he chooses, but he 'shall' do so if he wishes further consideration". *Negron v. Celebrity Cruises*, 316 F.3d 60, 61 (1st Cir.2003) *quoting Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980). "Absent objection by the plaintiffs, [a] district court ha[s] a right to assume that [a party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir.), *cert. denied*, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." *Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir.1992). *See also Sands v. Ridefilm Corp.*, 212 F.3d 657, 663 (1st Cir.2000); *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–151 (1st Cir.1994) (holding that objections are re-

quired when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); *Lewry v. Town of Standish*, 984 F.2d 25, 27 (1st Cir.1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); *Keating v. Secretary of H.H.S.*, 848 F.2d 271, 275 (1st Cir.1988); *Borden v. Secretary of H.H.S.*, 836 F.2d 4, 6 (1st Cir.1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised"). *See generally United States v. Valencia–Copete*, 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart*, 616 F.2d at 605.

■ The Report and Recommendation was filed on December 4, 2002. The 10 days expired on December 18, 2002. Plaintiffs filed their opposition on December 30, 2002. The objections to the R & R were clearly filed outside of the time period provided. Thus, the Court need only satisfy itself that there is no plain error on the face of the record in order to accept the unopposed Magistrate's Report and Recommendation. *See Douglass v. United Servs. Auto, Ass'n*, 79 F.3d 1415, 1419 (5th Cir.1996)(en banc)(extending the deferential "plain error" standard of review to the unobjected to legal conclusions of a magistrate judge); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir.1982)(en banc)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); *Nogueras–Cartagena v. United States*, 172 F.Supp.2d 296, 305 (D.P.R.2001)("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding FED.R.CIV.P. 72(b)); *Garcia v. I.N.S.*, 733 F.Supp. 1554, 1555 (M.D.Pa.1990)("when no objections

are filed, the district court need only review the record for plain error").

## MOTION TO DISMISS STANDARD

Rule 12(b)(6) of the Federal Rule of Civil Procedure provides that a Defendant may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) the Court must accept as true all well-pleaded factual claims, and indulge all reasonable inferences in Plaintiffs' favor. *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir.1996). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate if the facts alleged, taken as true, do not justify any recovery, under any theory of law. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). In order to survive a motion to dismiss, Plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." *Gooley v. Mobil Oil Corp.* 851 F.2d 513, 515 (1st Cir.1988).

Although all inferences must be made in Plaintiffs' favor, the Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson*, 83 F.3d at 3. Moreover, when considering a motion to dismiss under Rule 12(b)(6) the Court must, at all times consider, that all inferences must be made in Plaintiff's favor, limiting its focus to the allegations averred in the amended complaint. *Litton Indus., Inc. v. Colon*, 587 F.2d 70, 74 (1st Cir.1978). "Specifically, the inquiry should be 'whether a liberal reading of the [amended] complaint can reasonably admit of a claim ...'" *Bernier–Aponte v. Izquierdo–Encarnacion*, 196 F.Supp.2d at 97 *quoting Doyle v. Hasbro, Inc.*, 103 F.3d at 190.

In *Rogan v. Menino*, 175 F.3d 75 (1st Cir.1999) the Court held that a dismissal for failure to state a claim can only be upheld if, after providing credence to all well pleaded facts and making all reasonable inferences in the plaintiff's favor, the factual averments do not justify recovery on some theory asserted in the complaint. *Id.* at 77. With this standard in mind, all of the well plead facts alleged in the complaint are accepted as true. *See Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989); *Gooley*, 851 F.2d at 514. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also *Wyatt v. City of Boston*, 35 F.3d 13, 16 (1st Cir.1994). As a result, this Court examines whether the Complaint "contains enough information to put Defendant on notice of the nature of Plaintiff's claims." *Greenier*, 201 F.Supp.2d at 177.

## FAILURE TO STATE A CLAIM

The Court begins with an examination of Defendant PM's claim that Plaintiffs' Complaint should be dismissed for failing to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6). Defendant states that there is no relation between PM de Puerto Rico and the facts alleged nor are there sufficient facts in the Complaint upon which a claim can be based. In either case PM de Puerto Rico avers it is not an appropriate defendant under ERISA as alleged in the facts set forth in the complaint.

Plaintiffs have been employees of Life Savers Manufacturing, Inc. at its Las Piedras facilities, which was owned by Nabisco, Inc ("Nabisco"). The Long Term Disability Plan (LTD) was sponsored by

Nabisco. PM de Puerto Rico is a division of Philip Morris, Inc., which in turn is a subsidiary of Philip Morris Companies Inc. ("PM Companies"), which is not a party in this suit. PM Companies is the majority shareholder of Kraft Foods North America Inc. In December 2000, Nabisco was acquired by Kraft Foods North America Inc., and subsequently merged. PM de Puerto Rico is not alleged to have ever been the employer, plan administrator or plan sponsor of the LTD plan at issue. Therefore, PM de Puerto Rico argues that there is no connection whatsoever between them and the allegations in the Complaint. As such, it is claimed by PM that Plaintiffs failed to allege any facts sufficient to establish a relation between PM and the LTD plan at issue.

The Complaint lacks reference to PM exercising authority or control with respect to LTD plan. The only reference to PM de Puerto Rico in the Complaint is as follows:

> "In turn, the co-Defendant Philips Morris, to the best of our knowledge and belief, which we believe to be correct and reliable, is a corporation with industrial facilities in the Humacao Region and is dedicated to food products and is established pursuant to the laws and regulations of the Commonwealth of Puerto Rico"

Complaint pg.2 (Docket No.6).

Plaintiffs assert that Defendants have not provided the documents and information they are entitled to, and which they claim was needed in order for them to be aware of their benefits. This request constitutes a claim for breach of fiduciary duty under ERISA. Plaintiffs also request the LTD benefits they are entitled under the plan.

As to the fiduciary standard that ERISA imposes "a person is a fiduciary with re-spect to a plan" and therefore subject to ERISA's fiduciary duties, to the extent that he or she "exercises any discretionary authority or discretionary control respecting management of such plan" or "has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002.

Plaintiffs have not claimed that PM de Puerto Rico is the plan administrator of any of the plans they participated in. PM de Puerto Rico has never been the Plaintiffs' employer nor has said entity had any participation in the administration of any plan offered to Plaintiffs. Moreover, Plaintiffs fail to allege that PM has ever exercised any discretionary authority or discretionary control with respect to the LTD at issue, a requirement for fiduciary responsibility. As such, the claim for breach of fiduciary duty of disclosure of information should be dismissed for failure to state a claim.

There are no allegations that relate PM de Puerto Rico to the damages asserted in the complaint. The complaint fails to make any reference as to PM's duties regarding the benefits plan, or as to the specific facts that connects PM to the alleged conduct that constitutes a breach of said duties. A claim has not been made against PM de Puerto Rico and no connection between PM de Puerto Rico and the LTD plan at issue has been alleged. PM de Puerto Rico is not an appropriate defendant under ERISA's civil enforcement provision. The Court must **GRANT** Defendant Philip Morris de Puerto Rico's Motion to Dismiss. (Docket No. 13).

### MOTION TO DISMISS STATE LAW CLAIM

The Court examines co-defendants Kraft, PM, Norma Rola and Elliot Rivera's allegations (Docket No. 14) that State Law

Damages Claims, asserted under Article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141, should be dismissed since they are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Plaintiffs' Amended Complaint alleges that Defendants violated both ERISA and Article 1802 of the Puerto Rico Civil Code when they failed to provide the Plaintiffs information regarding their Long Term Disability Plan (LTD) and deprived Plaintiffs of their rights and benefits under the LTD plan. Co-defendants Norma Rola and Elliot Rivera are alleged to have collaborated with the Retirement Plan administration to plan and execute a scheme to harass, persecute and disrupt the emotional tranquility of Plaintiffs in order to deprive them of their rights acquired under the Plan. Co-defendants claim that these allegations arise either as claims for the breach of fiduciary duty under 29 U.S.C. § 1104(a)(1) and/or as claims for benefits under ERISA's civil enforcement provisions, 29 U.S.C. § 1132(a)(1).

■ Preemption of state law is generally disfavored. This presumption against preemption is, however not absolute. *Rosario–Cordero v. Crowley Towing & Transp. Co.*, 46 F.3d 120, 122 (1st Cir. 1995). When Congress has expressly so provided, federal preemption of state law is mandated under the Supremacy Clause. *McCoy v. Massachusetts Institute of Technology*, 950 F.2d 13 (1st Cir.1991). For preemption purposes under ERISA, "State laws" are "all laws, decisions, rules, regulations, or other State action having the effect of law." 29 U.S.C. § 1144(c)(1). Puerto Rico is expressly included in ERISA's definition of "State." 29 U.S.C. § 1002(10).

ERISA governs "employee benefit plans." 29 U.S.C. § 1001. It comprehensively regulates, among other things, employee welfare benefit plans that, "through the purchase of insurance or otherwise," provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death. § 3(1), 29 U.S.C. § 1144(a). As to what plans constitute "employee benefit plans", Section 3(3) of ERISA defines employee benefit plans as plans that are either "an employee welfare benefit plan," or "an employee pension benefit plan," or both. 29 U.S.C. § 1002(3). An employee welfare benefit plan, in turn, is defined as:

> [A]ny plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or beneficiaries, (A) . . . vacation benefits . . . .

29 U.S.C. § 1002(1); *see also Rosario–Cordero v. Crowley Towing & Transp. Co.*, 46 F.3d at 123.

"Under 29 U.S.C. § 1144(a) ERISA preempts all state claims related to pension plans". In its pertinent part the law states:

> "(a) Supersedure; effective date Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall superseded **any and all** State laws **insofar as they may now or hereafter relate to any employee benefit plan** described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975."

29 U.S.C. § 1144(a); *see also Saade Ferrer v. Banco Central Hispano–Puerto Rico, Inc.*, 142 F.Supp.2d 190, 194 (1st Cir.2001). [Emphasis ours]

■ The express preemption provisions of ERISA are deliberately expansive, and designed to "establish pension plan regulation as exclusively a federal concern." *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). ERISA's sweeping preemption clause, 29 U.S.C. § 1144(a), declares that with some exceptions not relevant to this case, ERISA supersedes **"any and all State laws insofar as they may now or hereafter relate to any employee benefit plan"** (*Emphasis added*). A law "relates to" an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). However, "a state law may 'relate to' an employee benefit plan and thereby be preempted, even if the law is not specifically designed to affect such plans and even if its effect is indirect." *Rosario–Cordero v. Crowley Towing & Transp. Co.,* 46 F.3d at 122–123. Also a state law may relate to an employee benefit plan even though it does not conflict with ERISA's own requirements, and represents an otherwise legitimate state effort to impose or broaden benefits for employees. *Simas v. Quaker Fabric Corp. of Fall River,* 6 F.3d 849 (1st Cir.1993). The Supreme Court has held that ERISA's "preemptive force 'is so powerful as to displace entirely any state cause of action ...'" *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. at 44, 107 S.Ct. at 1551 *quoting Franchise Tax Bd. v. Construction Laborers Vac. Trust,* 463 U.S. 1, 23, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983); *FMC Corp. v. Holiday,* 498 U.S. 52,58, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990) ("the [ERISA] preemption clause is conspicuous for its breadth"). "Section 1144(a) of ERISA has the effect of preempting any state statue dealing with benefit plans covered under ERISA 'even if the law is not specifically designed to affect such plans, or the effect is only indirect.'" *Cintron Parrilla v. Lilly Del Caribe,* Inc., 32 F.Supp.2d 35, n. 1 (1st Cir.1998) *quoting District of Columbia v. Greater Washington Bd. Of Trade,* 506 U.S. 125, 113 S.Ct. 580, 121 L.Ed.2d 513 (1992).

■ These "powerful" preemption provisions, *Pilot Life Ins.,* 481 U.S. at 44, 107 S.Ct. 1549, containing elongated federal reach have been justified by the "Congress' desire to avoid a 'patchwork scheme of regulation [which] would introduce considerable inefficiencies in benefit program operation.'" *McCoy,* 950 F.2d at 18 (*citation omitted*). In enacting ERISA's preemption provision, which preempts all state laws that relate to an employee benefit plan, "Congress intended to bring uniformity to this area by eliminating the 'threat of conflicting or inconsistent State and local regulation.'" *Boston Mut. Ins. v. Murphree,* 242 F.3d 899, 902 (9th Cir.2001)(*citation omitted*). In conclusion, if a state law "relates to" an employee benefit plan, it is preempted. There is no question that the causes of action asserted in the Amended Complaint "relate to" an employment benefit plan and therefore fall under ERISA's express preemption clause, and as such the field has been occupied by federal law.

Under ERISA's civil enforcement provisions, 29 U.S.C. § 1132(a)(1), a plan participant or beneficiary may sue to recover benefits due under the plan, to enforce the participant's rights under the plan, or to clarify rights to future benefits. Relief may take the form of accrued benefits due, a declaratory judgment on entitlement to benefits, or an injunction against a plan administrator's improper refusal to pay benefits. A participant or beneficiary may also bring a cause of action for breach of fiduciary duty, and under this cause of action may seek removal of the fiduciary. 29 U.S.C. § 1132(a)(2). These enforcement provisions, combined with other

ERISA sections, are the exclusive vehicle for actions by the plan participants when deprived of their rights. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39. All suits brought by beneficiaries or participants asserting improper processing of claims under ERISA regulated plans must be treated accordingly to its civil enforcement provisions.

As to the fiduciary standard that ERISA imposes, "a person is a fiduciary with respect to a plan" and therefore subject to ERISA's fiduciary duties, to the extent that he or she "exercises any discretionary authority or discretionary control respecting management of such plan" or "has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C.A. § 1002. Fiduciaries shall discharge their duties with respect to a plan "solely in the interest of the participants and beneficiaries," 29 U.S.C.A. § 1104(a)(1), that is, "for the exclusive purpose of (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan." 29 U.S.C.A. § 1104(a)(1)(A). This Court has in this Opinion and Order concluded that PM de Puerto Rico has never exercised any discretionary authority or discretionary control with respect to the Long Term Disability Plan LTD at issue, a requirement for fiduciary responsibility, and therefore, the claim for breach of fiduciary duty for disclosure of information should be dismissed.

Considering the restrictive scope of ERISA's civil enforcement scheme, this Court finds that Plaintiffs' assertion of claims for benefits under ERISA-regulated plan falls within its expansive clauses exclusive of state action. For the foregoing reasons, this Court concludes that the Plaintiffs' state law claims for damages under Article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141 are preempted by federal law, i.e. ERISA, insofar as it relates to ERISA-covered employee benefits plans.

### CONCLUSION

In the present case, Plaintiffs have failed to timely oppose the Magistrate's Report and Recommendation recommending the Court to grant Defendant Philip Morris de Puerto Rico's Motion to Dismiss (Docket No. 13) for failing to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6), and Defendants' Kraft Foods North America, Inc., PM's, Norma Rola and Elliot Rivera's Motion to Dismiss (Docket No. 14) for preemption by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").

Given the fact that Plaintiffs' oppositions to the pending motions were not timely filed, the Court is more than convinced that the Magistrate's R & R is to be sustained under the plain error standard. Moreover, even on the merits, the Court finds that Plaintiff fails to sufficiently aver facts upon which relief can be granted. Thus, under FED.R.CIV.P. 12(b)(6), dismissal is appropriate. This Court further concludes that the causes of action averred by Plaintiffs are related to the employee benefits and welfare plans, and as such fall under ERISA's preemptive broad scope. Therefore, Plaintiffs' state law claims for damages under Article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141 are preempted by federal law, and accordingly dismissed.

WHEREFORE, for the reasons stated above, Defendant Philip Morris de Puerto

Rico's Motion to Dismiss (Docket No. 13) based on failure to allege facts to state claims is hereby **GRANTED.** Co–Defendants' Kraft Foods North America, Inc., Philip Morris de Puerto Rico, Norma Rola and Elliot Rivera's Motion to Dismiss (Docket No. 14) is hereby **GRANTED.**

The Court expresses no opinion as to the merits of Plaintiff's ERISA claim and rules solely on the preemption of the state law claims by ERISA and the elimination of those state law causes of action.

■ The Court will refrain from issuing a partial judgment at this time. The First Circuit strongly disfavors partial judgments as they foster piecemeal appeals. *See Nichols v. Cadle Co.,* 101 F.3d 1448, 1449 (1st Cir.1996) ("piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly."); *Zayas–Green v. Casaine,* 906 F.2d 18, 21 (1st Cir.1990) ("This final judgment rule . . . furthers 'the strong congressional policy against piecemeal review.'" *Id.* (*quoting In re Continental Investment Corp.,* 637 F.2d 1, 3 (1st Cir.1980)); *Comite Pro Rescate De La Salud v. Puerto Rico Aqueduct and Sewer Authority,* 888 F.2d 180, 183 (1st Cir.1989); *Consolidated Rail Corp. v. Fore River Ry. Co.,* 861 F.2d 322, 325 (1st Cir.1988); *Spiegel v. Trustees of Tufts Coll.,* 843 F.2d 38, 43 (1st Cir.1988); *Santa Maria v. Owens–Ill., Inc.,* 808 F.2d 848, 854 (1st Cir.1986)); *see also United States v. Nixon,* 418 U.S. 683, 690, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).

An Initial Scheduling Conference shall be set via separate order enabling this aging case to proceed.

**IT IS SO ORDERED.**